COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| JUAN ANTONIO SANCHEZ, | § | No. 08-21-00027CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law Number 6 |
| | § | of El Paso County, Texas |
| THE RETREAT AT MESA HILLS, | § | |
| Appellee. | § | (TC # 2020-CCV00669) |
| | § | |

## O P I N I O N

Appellant, Juan Antonio Sanchez, challenges the trial court's judgment in this forcible detainer action. In two issues, Appellant asserts the trial court erred by awarding a monetary judgment for unpaid rent, court costs, and attorney's fees. We affirm.

## BACKGROUND

### *Factual & Procedural Background*

On July 20, 2017, Appellant and The Retreat at Mesa Hills ("The Retreat"), entered an apartment lease contract for a monthly rental of $1,365.00, which included a $45.00 pet fee. Appellant was to provide services to The Retreat and given a rent concession of $1,165.00, leaving his monthly rent payment at $200.00—$155.00 for rent and the $45.00 pet fee. However,

Appellant's at-will employment with The Retreat was terminated on February 19, 2020. Appellant paid $200.00 for his February rent. Appellant failed to pay any rent thereafter. Upon his termination, Appellant's monthly rent defaulted to the contracted rate of $1,365.00.

On August 3, 2020, a written notice to vacate the premises was sent to Appellant, which required Appellant to vacate on or before 11:59 p.m. on August 6, 2020. Appellant did not vacate. On August 12, 2020, by written notice, The Retreat provided Appellant with a formal and final demand to pay the delinquent rent amount or vacate the premises within thirty days. Appellant failed to pay and remained in possession of the premises. On August 11, 2020, The Retreat filed its original petition for forcible entry and detainer in the Justice of Peace Precinct One. The matter was set for a bench trial date of August 25, 2020. On September 16, 2020, The Retreat filed a motion for summary judgment requesting a hearing to grant the motion, possession of the property, and should Appellant fail to vacate, the issuance of a writ of possession. The Retreat further requested it be awarded all actual damages, attorney's fees, and court costs. The Honorable Judge Robert T. Pearson of Justice of Peace Precinct One granted The Retreat's motion for summary judgment and the relief requested in its original petition. Appellant then appealed to the County Court at Law No. 6.

During the pendency of the appeal, Appellant was able to remain in possession of the premises, but only if he paid one month's rent—$1,365.00—into the registry of the court within five days of filing a statement of inability to afford payment of court costs. Appellant did in fact make the payment to the registry of the court, but not within the allotted limit prescribed by the relevant statute. Accordingly, The Retreat filed a motion to dismiss. On December 30, 2020, the Honorable Sue M. Kurita granted The Retreat's motion to dismiss and ordered the following:

**ORDERD, ADJUDGED, AND DECREED** that Plaintiff be granted judgment for possession of the premises referred to above. Defendant is ordered to vacate the property on or before December 31, 2020. If Defendant fails to vacate, writ of possession may immediately be issued on or after January 1, 2021.

**ORDERD, ADJUDGED, AND DECREED** that Plaintiff be granted judgment for and against Defendant for unpaid rent in the amount of $10,920.00, which is $1,365.00 for the months of March through October.

**ORDERD, ADJUDGED, AND DECREED** that Plaintiff be granted judgment for and against Defendant for costs of court in the amount of $118.30 and attorney's fees in the amount of $2,500.00.

**ORDERD, ADJUDGED, AND DECREED** that $1,365.00 held in the registry of the court by the county clerk in this matter and $1,365.00 the justice court under cause number 120-00179-FED shall be released to Plaintiff.

Appellant failed to vacate, and a writ of possession was issued. This appeal followed.

## DISCUSSION

In two issues, Appellant argues a motion to dismiss for failure to pay rent during the pendency of an appeal does not give the trial court discretion to make a judgment on the merits, but rather, only allows the trial court to grant a writ of possession. We disagree.

### Standard of Review & Applicable Law

Forcible detainer actions occur when a person refuses to surrender possession of real property upon a statutorily sufficient demand for possession if that person is a tenant at will or by sufferance. *Phelan v. Goodbuys USA Inc.*, No. 14-18-00107-CV, 2019 WL 1966883, at *2 (Tex.App.—Houston [14th Dist.] May 9, 2019, no pet.)(mem. op.). "Justice courts—and, on appeal by trial de novo, county courts at law—have jurisdiction over forcible detainer suits." *Id*. (citing Tex.Prop.Code Ann. § 24.004; Tex.R.Civ.P. 510.9, 510.10). Rule 510 of the Texas Rules of Civil Procedure and Chapter 24 of the Texas Property Code set forth requirements that apply

3

when a defendant remains in possession during the pendency of an appeal in a forcible detainer action:

> (B) Defendant May Remain in Possession. A defendant who appeals an eviction for nonpayment of rent by filing a Statement of Inability to Afford Payment of Court Costs is entitled to stay in possession of the premises during the pendency of the appeal by complying with the following procedure:

> > (i) Within 5 days of the date that the defendant files a Statement of Inability to Afford Payment of Court Costs, it must pay into the justice court registry the amount set forth in the notice provided at the time the defendant filed the Statement. If the defendant was provided with notice and fails to pay the designated amount into the justice court registry within 5 days, and the transcript has not been transmitted to the county clerk, the plaintiff is entitled, upon request and payment of the applicable fee, to a writ of possession, which the justice court must issue immediately and without hearing.

> > .           .           .

> > (iv) If the defendant fails to pay the designated amount into the court registry within the time limits prescribed by these rules, the plaintiff may file a sworn motion that the defendant is in default in county court. The plaintiff must notify the defendant of the motion and the hearing date. Upon a showing that the defendant is in default, the court must issue a writ of possession.

TEX.R.CIV.P. 510.9(c)(5)(B)(i), (iv); TEX.PROP.CODE ANN. § 24.0053.

### *Analysis*

The trial court acted within its authority in ordering that a writ of possession may immediately be issued upon Appellant's failure to vacate. *See id*. As to the remainder of the trial court's order, we find the trial court acted within its authority in granting judgment for unpaid rent, court costs, and attorney's fees. TEX.PROP.CODE ANN. §§ 24.0054(b)(1)-(2), 24.006. Section 24.0054 of the Texas Property Code states:

> (b) If the county court finds that the tenant has not complied with the payment requirements of the Texas Rules of Civil Procedure and Section 24.0053, the county court shall immediately issue a writ of possession unless on or before the day of the hearing the tenant pays into the court registry:

> (1) all rent not paid in accordance with the Texas Rules of Civil Procedure and Section 24.0053; and
>
> (2) the landlord's reasonable attorney's fees, if any, in filing the motion.

TEX.PROP.CODE ANN. § 24.0054(b)(1)-(2). At the hearing on The Retreat's motion to dismiss, the trial court found Appellant had not complied with the payment requirement because it was not made within the allotted time limit prescribed by Section 24.0053 of the Texas Property Code and Chapter 24 of the Texas Rules of Civil Procedure. *See* TEX.R.CIV.P. 510.9(c)(5)(B)(i), (iv); TEX.PROP.CODE ANN. § 24.0053. Thus, it was proper for the trial court to order payment of all unpaid rent, and The Retreat's attorney's fees. *See* TEX.PROP.CODE ANN. § 24.0054(b)(1)-(2). Additionally, Section 24.006 of the Texas Property Code states:

> (a) Except as provided by Subsection (b), to be eligible to recover attorney's fees in an eviction suit, a landlord must give a tenant who is unlawfully retaining possession of the landlord's premises a written demand to vacate the premises. …
>
> (b) If the landlord provides the tenant notice under Subsection (a) or if a written lease entitles the landlord to recover attorney's fees, a prevailing landlord is entitled to recover reasonable attorney's fees from the tenant.
>
> (c) If the landlord provides the tenant notice under Subsection (a) or if a written lease entitles the landlord or the tenant to recover attorney's fees, the prevailing tenant is entitled to recover reasonable attorney's fees from the landlord. A prevailing tenant is not required to give notice in order to recover attorney's fees under this subsection.
>
> (d) The prevailing party is entitled to recover all costs of court.

TEX.PROP.CODE ANN. § 24.006. Here, The Retreat provided Appellant with a written demand to vacate the premises—on August 12, 2020, by written notice, The Retreat also provided Appellant with a formal and final demand to pay the delinquent rent amount or vacate the premises within thirty days. Moreover, the lease agreement itself entitles The Retreat to recover reasonable

attorney's fees and all other litigation costs. The lease agreement specifically states: "A prevailing party may recover reasonable attorney's fees and all other litigation costs from the nonprevailing parties . . . . We may recover attorney's fees in connection with enforcing our rights under this Lease." Subsection (d) of Section 24.006 also entitles The Retreat to recover all court costs. *See* TEX.PROP.CODE ANN. § 24.006(d). Thus, it was proper for the trial court to order payment of court costs and attorney's fees. *See* TEX.PROP.CODE ANN. § 24.006.

The Retreat attached an affidavit with a breakdown of all unpaid rent, the lease agreement, the written demand for payment or possession of premises dated August 12, 2020, and an affidavit of attorney's fees with a detailed log of billed hours. The trial court reviewed these documents, and after considering the facts and law in this matter, it correctly ordered The Retreat was entitled to all unpaid rent, court costs, and attorney's fees.

In Issues One and Two, Appellant argues the trial court erred by awarding monetary judgment for unpaid rent, costs of the court, and attorney's fees. Due to the foregoing reasons, we find it was proper for the trial court to order payment of unpaid rent, court costs, and attorney's fees.

Issues One and Two are overruled.

### CONCLUSION

We affirm.


Date July 27, 2022

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

6